

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-1564
Re: Construction of Provision of
Senate Bill No. 427, Regular Session,
46th Legislature, Relating to Appropria-
tions for Auditors on Seasonal Basis.

We acknowledge receipt of your letter of October 16,
1939, in which you ask our opinion with reference to the proper
construction to be placed upon the appropriation for auditors
on a "seasonal basis", contained in Senate Bill No. 427, Acts,
Regular Session, 46th Legislature. Your letter is as follows:

"I have been advised by the State Comptroller's
office that the seasonal appropriation of the Forty-sixth
Legislature providing for auditors in the State Auditor's
office will not be considered seasonal for the present
month and hereafter, due to the last paragraph on the
first page of your Opinion O-1435, given to Mr. Tom L.
Beauchamp, Secretary of State, under date of September 14th,
1939.

"This office has placed upon all appropriations to
our department designated as seasonal a construction that
the amounts could be spent for one or more employee under
each appropriation grouping, provided that such expendi-
tures did not exceed the general provision limiting
expenditures to one quarter of the appropriated amount
for the quarter periods.

"I will appreciate your opinion constructing the
terminology as shown in the bill reading as follows:
'Auditors, seasonal basis, at not to exceed salary named.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom C. King, Page 2

"In view of the fact that the Comptroller has
advised this department he will not accept our payroll
where more than one name is placed against a specific
item of appropriation and in view of the fact it will
be necessary to lay off many of our employes if such a
construction is placed on our appropriation, I would
appreciate your immediate attention in replying to this
request."

The portion of Senate Bill 427, which makes the
appropriations for auditors in the office of the State
Auditor and Efficiency Expert reads as follows:

| | For the Years Ending | |
|---|---|---|
| | August 31, 1940 | August 31, 1941 |
| AUDITORS — (Seasonal basis at not to exceed salary named) | | |
| 8. Supervising Assistant ($300.00 month) | 3,600.00 | 3,600.00 |
| 9. Supervising Assistant ($300.00 month) | 3,600.00 | 3,600.00 |
| 10. Supervising Assistant ($300.00 month) | 3,600.00 | 3,600.00 |
| 11. Senior Assistant ($275.00 month)...... | 3,300.00 | 3,300.00 |
| 12. Senior Assistant ($275.00 month)...... | 3,300.00 | 3,300.00 |
| 13. Senior Assistant ($275.00 month)...... | 3,300.00 | 3,300.00 |
| 14. Semi-Senior Assistant ($250.00 month). | 3,000.00 | 3,000.00 |
| 15. Semi-Senior Assistant ($250.00 month). | 3,000.00 | 3,000.00 |
| 16. Semi-Senior Assistant ($250.00 month). | 3,000.00 | 3,000.00 |
| 17. Semi-Junior Assistant ($150.00 month) | 1,800.00 | 1,800.00 |
| 18. Junior Assistant ($150.00 month)..... | 1,800.00 | 1,800.00 |
| 19. Junior Assistant ($150.00 month)..... | 1,800.00 | 1,800.00 |
| 20. Junior Assistant ($150.00 month)..... | 1,800.00 | 1,800.00 |
| 21. Junior Assistant ($150.00 month)..... | 1,800.00 | 1,800.00 |
| 22. Junior Assistant ($150.00 month)..... | 1,800.00 | 1,800.00 |

We understand that the question with which you are
concerned is whether the State Auditor has the authority to
employ more than one person at the same time to fill any of the
positions provided for in the section of the appropriation bill
hereinbefore quoted. We believe that this question must be
answered in view of the facts relating to the proper discharge
of the duties of your office and also in view of the manner in
which your office has been operated in the past. We believe that
it is proper to presume that the Legislature intended to permit
your office to be operated in the most efficient manner possible,
within the limitations of the appropriations made, and that the
Legislature had in mind the manner in which your office had been
operated in the past.

Honorable Tom C. King, Page 3

Our understanding is that the nature of the work of your office is such that you have periods or seasons during each year when a large amount of auditing work has to be done by your Department, and that during other seasons of the year there is relatively little auditing work to be done. We also understand that the duties of your office can be discharged much more efficiently if you are permitted to hire a number of persons as auditors under each appropriation item, during such rush seasons, and that it will not be necessary to hire auditors to fill some of the positions during other seasons of the year. We further are informed that it has been the practice of your Department for a number of years to hire auditors for certain seasons of the year when the work of your office requires it, and to keep such auditors on the pay roll only so long as their employment is necessary.

In our opinion the appropriation quoted above, providing for the hiring of auditors by your Department on a "seasonal basis," permits the employment and the payment of more than one person under each of the items in said appropriation, provided that the total amount paid under each such appropriation item does not exceed the total stated therein, and further provided that the amount paid to each person so employed shall not exceed the rate of payment stated in said item. In our opinion the Legislature intended that your office should be operated in the most efficient manner possible within the limitations of the appropriations made for each item, and the Legislature had in mind the manner in which your Department had been operated in the past. We believe that the Legislature by providing that the employment of the auditors should be on a "seasonal basis" had in mind that it would be necessary for your Department to hire more than one auditor under each item of appropriation at the same time, but the Legislature wished to fix the rate of pay and the total amount that should be paid under each such item. Any other construction of the appropriation would, in effect, practically ignore the words "seasonal basis" and make it practically impossible for your Department to regulate the number of employees according to the seasonal variation in the duties which you must perform.

In further support of the conclusion here reached, we direct your attention to the fact that in Senate Bill No. 427, under the heading "Salary Payments", it is expressly provided that the provision that each Department head shall number consecutively the salaried positions in his Department and shall set out the title of the positions and the names of the persons employed opposite the number of the positions, shall not apply to "seasonal help."

Honorable Tom C. King, Page 4


The conclusion reached in this opinion does not conflict with our opinion No. 0-1435, by Assistant Attorney General R. W. Fairchild, addressed to Honorable Tom L. Beauchamp, Secretary of State. The facts in connection with the appropriation there involved (item 22 of the appropriation for the Secretary of State) showed an intention on the part of the Legislature to provide that only one person should be employed to fill the position of auditor, provided for in said item. In the first place, we understand that the position there created was a new position, and that there was no prior practice of the office of the Secretary of State to be used as a guide in construing the appropriation. In the second place, it will be noted that in said item, there is no specification of the monthly salary for the person filling this position. Under the heading "Salary and Other Provisions," in Senate Bill 429, it is provided that "All annual salaries shall be paid in twelve (12) equal monthly installments, unless otherwise provided herein." We believe that the purpose of the Legislature in inserting the word "seasonal" in the item referred to, was to make it unnecessary for the Secretary of State to pay to such auditor each month one-twelfth of one thousand dollars, and to permit the Secretary of State to pay such auditor, during the period which he worked, a salary not in excess of that provided for employees performing similar services, who are employed on an annual rather than a seasonal basis. In other words, the purpose of the Legislature in using the word "seasonal" in this appropriation, was to remove the appropriation from the general provisions of the paragraph on "Salary and Other Provisions," referred to above, and not to affect the number of persons that might be employed under said item. Furthermore, under the appropriation for the Secretary of State, the Legislature in item 34, as pointed out in our opinion No. 0-1435, expressly made a provision for extra help on a seasonal basis, under which the Secretary of State was authorized to hire auditors who might be needed during rush seasons.

On the other hand, in the appropriation for your Department, we believe that the facts clearly show that the Legislature had a different intention when it used the words "seasonal basis" from the intention which it had when it used the word "seasonal" in the appropriation for the Secretary of State. As we have pointed out, in your office there has been a long established practice of hiring a number of auditors during rush seasons of

Honorable Tom C. King, Page 5

the year. Furthermore, the monthly salary for each position is fixed under the appropriation for your Department; therefore, the word "seasonal" can not have been used for the same purpose as in the appropriation for the Secretary of State, and the words "seasonal basis" can have no practical effect unless they be given the construction herein given them. Lastly, unless the appropriation is construed in the manner we have indicated, there will be no provisions in your appropriation whereby you can hire extra auditors to work during the seasons when their services are urgently needed. We believe that all of these considerations show clearly that the conclusion here reached is proper and is not in conflict with the conclusion reached in our opinion No. O-1435.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By James P. Hart
James P. Hart
Assistant

JPH:AMM

APPROVED OCT 21, 1939
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

